IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CRIMINAL ACTION
:
v. :
:
SHAKILA NAKIA WALLACE : NO. 09-553

MEMORANDUM

McLaughlin, J.  October 12, 2011

Shakila Nakia Wallace was charged by information with one count of fraud and related activity in connection with computers, in violation of 18 U.S.C. § 1030(a)(4), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). On September 11, 2009, she entered guilty pleas to these charges, pursuant to a plea agreement with the government.

Ms. Wallace has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. The government has filed a motion to dismiss the defendant's motion on the ground that the defendant signed a plea agreement in which she expressly waived all rights to appeal or to collaterally attack her conviction, sentence, or any other matter relating to the prosecution.

On January 15, 2010, the Court sentenced the defendant to a sentence of 42 months imprisonment for counts 1 and 2. The Court determined that the total offense level for count 1 under the advisory Sentencing Guidelines was 15 and that count 2

required a mandatory consecutive sentence of two years. The Court also found that the defendant's criminal history category was 1, producing an effective advisory sentencing range of 42 to 48 months. The sentence was less than the combined statutory maximum of seven years and did not represent an upward departure or variance from the applicable guideline range. In short, the circumstances outlined in the plea agreement in which a collateral attack under § 2255 would be permitted did not occur.

The language from paragraph 10 of the plea agreement states that Ms. Wallace waived her right to appeal her conviction or sentence, subject to specific exceptions that are not present here, and that she waived her right to collaterally attack her conviction and sentence by way of a § 2255 motion (or otherwise).[1]

---

[1] Paragraph 10: In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.

      a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

      b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct

The United States Court of Appeals for the Third Circuit has held that a collateral waiver provision contained in a plea agreement is enforceable if it (1) was knowing and voluntary, and (2) does not work a miscarriage of justice. United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). This waiver is enforceable unless Ms. Wallace establishes that his waiver was not knowing or voluntary or that upholding the waiver would constitute a "miscarriage of justice."

The first question is whether the defendant has shown that her waiver was not knowing or voluntary. The defendant has not even tried to do so. The defendant does not assert that she did not understand that she was giving up the right to appeal or

---

<blockquote>

appeal but may raise only claims that:

(1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 6 above;

(2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines;

(3) the sentencing judge, exercising the Court's discretion pursuant to United States v. Booker, 543 U.S. 220 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court; and/or

</blockquote>

If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

to file a § 2255 motion.  The defendant contends that she was deprived of the effective assistance of counsel.

The second question is whether enforcement of the collateral waiver provision would work a miscarriage of justice. The Court of Appeals has set forth several factors to consider when determining whether the enforcement of an otherwise proper waiver would work a miscarriage of justice.  These factors include "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." United States v. Khattack, 273 F.3d 557, 563 (3d Cir. 2001) (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001); Mabry, 536 F.3d at 242-43.  The same standard applies to waivers of appeals and waivers of collateral review.  See, e.g., United States v. Gwinnett, 483 F.3d 200, 202, 203-206 (3d Cir. 2007) (appeal); Mabry, 536 F.3d at 236-37 (collateral review).

The Court concludes that enforcement of the collateral waiver provision would not work a miscarriage of justice.  The defendant pled guilty to and admitted the charges after a thorough colloquy by the Court and the Court imposed a sentence within the advisory Guideline range and did not take any

significant action which either party failed to anticipate or address.

In her motion, the defendant argues that her counsel failed to thoroughly investigate the loss figures in either discovery or as set forth in the pre-sentence report, and that he was derelict in not seeking a variance under 18 U.S.C. § 3553(a)(7) [the need to provide restitution to any victims of the offense]. These issues do not present an allegation of an absence of jurisdiction, an illegal sentence, or any other miscarriage of justice. Besides the discovery provided to the defendant prior to the plea, the Probation Department independently investigated the issue of loss and drew its own conclusions in the pre-sentence report.

As the Seventh Circuit has held, "waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones v. United States, 167 F.3d 1142 (7th Cir. 1998). Accord United States v. White, 307 F.3d 336, 344 (5th Cir. 2002); Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001); DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000); United States v. Djelevic, 161 F.3d 104, 107 (2nd Cir. 1998).

The Court concludes that the defendant's waiver was knowing and voluntary, and the petition does not present a claim that suggests a miscarriage of justice.  The Court will grant the government's motion and dismiss the petition.

An appropriate order follows separately.